IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-cr-70-BO-1
No. 5:19-cv-216-BO

| | |
|---|---|
| ERIC DOBBIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | O R D E R |

This matter comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 38]. The government has moved to dismiss petitioner's § 2255 motion. [DE 50]. For reasons discussed below, petitioner's motion [DE 38] is DENIED and the government's motion to dismiss [DE 50] is GRANTED.

## BACKGROUND

On June 28, 2004, a jury in this district found petitioner Eric Dobbin ("petitioner") guilty of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and two counts of using, carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). *United States v. Dobbin*, 5:04-CR-00070-F-1 (E.D.N.C. June 28, 2004). On October 20, 2004, Judge James C. Fox sentenced petitioner to an aggregate term of 484 months imprisonment. Petitioner subsequently filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed petitioner's conviction and sentence on July 18, 2005. *United States v. Dobbin*, 139 F. App'x 518, 519 (4th Cir. 2005).

On May 1, 2019, petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because petitioner did not demonstrate that 28 U.S.C. § 2255 was an "inadequate or ineffective

remedy[,]" petitioner granted the Court permission to recharacterize his motion as a § 2255. DE 39, 40.

Through the instant motion, petitioner challenges his 18 U.S.C. § 924(c)(1) conviction, arguing that in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), armed bank robbery no longer qualifies as a predicate crime of violence under § 924(c)(3).

## DISCUSSION

### I. Petitioner's § 2255 motion is denied.

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year period of limitations applies to motions under § 2255, which runs from the latest of the judgment becoming final, the removal of a legal impediment, initial recognition of a right, or when due diligence would have revealed supporting facts. § 2255(f).

Here, neither *Dimaya* nor *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated the residual clause of § 924(c)(3), provide petitioner any basis to get around § 2255's time bar. Armed bank robbery remains a crime of violence under the force clause of § 924(c)(3). *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). Accordingly, petitioner's 924(c) conviction stands as he has a proper crime of violence predicate to support the conviction.

Petitioner also includes an actual innocence claim in his § 2255. DE 38-1 at 3. "[T]o establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999); *see also United States v. Pettiford*, 612 F.3d

2

270, 282 (4th Cir. 2010). In his § 2255, petitioner does not allege that he is factually innocent of the underlying crime but essentially doubles down on his contention that his conviction under § 924(c) is invalid because of *Dimaya*. His actual innocence claim therefore fails.

**II. The government's motion to dismiss petitioner's § 2255 motion is granted.**

The government has moved to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this case, petitioner has failed to state a claim upon which relief can be granted. The basis for his § 2255 is that his § 924(c) conviction is invalid in light of the reasoning of *Dimaya* and *Davis*. As explained above, this is not the case. Accordingly, the government's motion to dismiss is granted.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 38] is DENIED. A certificate of appealability is also DENIED. The government's motion to dismiss [DE 50] is GRANTED.

SO ORDERED, this _6_ day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE